GARY PIERCE, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 111-2008.
Supreme Court of Delaware.
Submitted: December 12, 2008.
Decided: January 16, 2009.
Before HOLLAND, BERGER and JACOBS, Justices

ORDER
CAROLYN BERGER, Justice
This 16th day of January 2009, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Gary Pierce, filed an appeal from the Superior Court's February 4, 2008 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61 and the Superior Court's July 30, 2008 order following remand.[1] We find no merit to the appeal. Accordingly, we AFFIRM.
(2) In November 2005, Pierce was found guilty by a Superior Court jury of two counts of Rape in the First Degree, two counts of Attempted Rape in the First Degree, and one count of Misdemeanor Theft. He was sentenced to a total of 60 years in prison. Pierce's convictions and sentences were affirmed by this Court on direct appeal.[2]
(3) In his appeal from the Superior Court's denial of his postconviction motion, Pierce claims that a) his counsel provided ineffective assistance by i) failing to object to prejudicial language used during the trial, ii) failing to move for judgment of acquittal on the first degree rape charges, iii) failing to request jury instructions on lesser-included offenses, and iv) requesting continuances that resulted in prejudice to him; and b) the Superior Court abused its discretion by failing to direct counsel to file an affidavit in response to his postconviction motion. To the extent that Pierce has not argued other grounds to support his appeal that were previously raised, those grounds are deemed to be waived and will not be addressed by this Court.[3]
(4) In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[4] While not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[5] The defendant must make concrete allegations of ineffective assistance, and substantiate them, or risk summary dismissal.[6]
(5) Pierce's first claim is that his counsel erred by failing to object to prejudicial language used at trial. Specifically, he contends that his counsel should have objected to the terms "victim," "sexual assault," and "crime scene." The record reflects that the term "victim" was used only once by a police witness. Thereafter, the witness referred to the complainant by her name. The record further reflects that the phrase "sexual assault" arose during defense counsel's cross-examination of a police officer. Counsel's questions reflected how the complainant herself described what happened to her. The record, finally, reflects that the phrase "crime scene" arose during the testimony of two police detectives. The phrase was used twice in the context of descriptions of their investigation. In none of the above instances was there any indication that the witnesses held the opinion that there had been a crime.[7] Because the impact of the objectionable terms, if any, was de minimus and not indicative of a belief on the part of the witnesses that a crime had been committed, we conclude that Pierce's first claim is without merit.
(6) Pierce's second claim is that his counsel was ineffective by failing to move for judgment of acquittal on the first degree rape charges. The record reflects that Pierce was charged with rape under Del. Code Ann. tit. 11, § 773(a) (2). Under that statute, the prosecution had to prove beyond a reasonable doubt that the sexual intercourse occurred without the victim's consent and was facilitated by or occurred during Pierce's commission or attempted commission of a felony or one of several enumerated misdemeanors, including third degree assault, terroristic threatening, and second degree unlawful imprisonment. The record reflects that there was more than sufficient evidence presented at trial to convict Pierce of first degree rape under § 773(a) (2).[8] Because a motion for judgment of acquittal would not have succeeded under those circumstances, counsel's failure to make such motion does not constitute ineffective assistance, and, therefore, we conclude that Pierce's second claim also is without merit.
(7) Pierce's third claim is that his counsel was ineffective for failing to request the Superior Court to instruct the jury on lesser-included offenses. The record reflects that, at the prayer conference, Pierce's counsel requested the Superior Court to instruct the jury on the lesser-included offense of third degree assault on the rape and attempted rape charges. At first, the judge agreed to do so, but, upon further reflection, concluded that such an instruction was not warranted. Because Pierce's counsel requested an instruction on lesser-included offenses, Pierce's claim lacks a factual basis. We, therefore, conclude that the claim is without merit.
(8) Pierce's fourth claim is that his counsel's repeated requests for continuances prejudiced his case. The record reflects that Pierce was arrested on July 24, 2004 and his trial began on November 1, 2005. The first scheduling order set March 29, 2005 as the trial date. A scheduling order issued a month later set April 5, 2005 as the trial date. On January 18, 2005, Pierce's private counsel moved to withdraw from the case. The motion was granted and the public defender entered the case. On March 23, 2005, the public defender moved for a continuance on the ground that Pierce wished to retain private counsel and the complexity of the case required additional preparation time. The request for a continuance was granted and trial was set for July 26, 2005. Private counsel entered his appearance in late April, but later was permitted to withdraw by order dated June 17, 2005. The next scheduling order set trial for November 1, 2005. Pierce's trial began that day. Because two of the continuances were due to the withdrawal of Pierce's private counsel, because there is no evidence that Pierce's public defender acted unreasonably in requesting a continuance, and because there is no evidence of prejudice to Pierce as a result of that continuance, we conclude that Pierce's fourth claim also is without merit.
(9) Pierce's fifth, and final, claim is that the Superior Court abused its discretion by failing to direct counsel to file an affidavit in response to his postconviction motion. While, under Superior Court Criminal Rule 61(g) (2), it is helpful to obtain an explanation from defense counsel regarding alleged errors stemming from trial strategy,[9] there is no necessity for defense counsel to file an affidavit in response to a defendant's postconviction motion in every case. Because the trial record in this case was sufficient for the Superior Court to assess whether Pierce's postconviction motion had merit, the Superior Court neither erred nor abused its discretion when it did not require defense counsel to file an affidavit. As such, we conclude that Pierce's fifth, and final, claim is without merit.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] The Court granted the State of Delaware's motions to remand and to stay the briefing schedule so that the Superior Court could address three additional postconviction claims raised by Pierce. Pierce v. State, Del. Supr., No. 111, 2008, Jacobs, J. (July 18, 2008).
[2] Pierce v. State, 911 A.2d 793 (Del. 2006).
[3] Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993). In his postconviction motion filed in the Superior Court, Pierce also argued that his counsel was ineffective for failing to a) appear at arraignment; b) move to dismiss charges that did not appear in the arrest warrant; c) object to inconsistencies in the testimony of prosecution witnesses; and d) perform adequately on appeal.
[4] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
[5] Flamer v. State, 585 A.2d 736, 753 (Del. 1990).
[6] Younger v. State, 580 A.2d 552, 556 (Del. 1990).
[7] Jackson v. State, 600 A.2d 21, 24-25 (Del. 1991) (the restriction on the use of the term "victim" in a sex crime prosecution is directed to a prosecutor's repeated use of the term where consent is the sole defense and credibility the principal issue, suggesting to the jury that a crime has necessarily been committed).
[8] Barnett v. State, 691 A.2d 614, 618 (Del. 1997) (citing Morrisey v. State, 620 A.2d 207, 213 (Del. 1993)) (on a claim of insufficiency of the evidence, the Court must review whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could find beyond a reasonable doubt every element of the offense charged).
[9] Duross v. State, 494 A.2d 1265, 1268-69 (Del. 1985) (noting that reviewing court needs information about counsel's strategic choices, for which the trial record is usually inadequate).