MARVIN E. FLETCHER, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 425, 2009.
Supreme Court of Delaware.
Submitted: September 14, 2009.
Decided: December 7, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 7th day of December 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) The appellant, Marvin E. Fletcher, filed this appeal from the Superior Court's July 6, 2009 summary dismissal of his second motion for postconviction relief pursuant to various subsections of Superior Court Criminal Rule 61(i).[1] The State of Delaware has filed a motion to affirm the Superior Court judgment on the ground that it is manifest on the face of Fletcher's opening brief that the appeal is without merit.[2] We agree and affirm.
(2) In 2003, Fletcher and Toshiro Priest were arrested after police found cocaine, a digital scale, and a loaded handgun in a vehicle in which the two men were riding. Both Fletcher and Priest were charged with numerous offenses and were tried together.
(3) A Superior Court jury convicted Fletcher of three counts of Possession of a Firearm During the Commission of a Felony (PFDCF) and one count each of Trafficking in Cocaine, Possession with Intent to Deliver Cocaine, Maintaining a Vehicle, Tampering with Physical Evidence, Carrying a Concealed Deadly Weapon, Possession of Drug Paraphernalia, and Conspiracy in the Second Degree. The jury convicted Priest of three counts of PFDCF and one count each of Receiving a Stolen Firearm, Maintaining a Vehicle, Tampering with Physical Evidence, Carrying a Concealed Deadly Weapon, Conspiracy in the Second Degree, and Possession of Drug Paraphernalia.
(4) After sentencing, both Fletcher and Priest filed a direct appeal. On appeal, the Court affirmed all of Fletcher's convictions[3] but vacated Priest's convictions for Maintaining a Vehicle and PFDCF.[4]
(5) Fletcher, with the assistance of counsel, filed a motion for postconviction relief in 2007. In the motion, Fletcher challenged the stop and search of the vehicle and the admission of certain evidence. He also argued that he was entitled to a reversal of the same convictions that Priest had received.
(6) By order dated January 31, 2008, the Superior Court denied Fletcher's first postconviction motion. Fletcher filed an appeal from that decision but later voluntarily dismissed the appeal.[5]
(7) In June 2009, Fletcher filed a second motion for postconviction relief. The Superior Court summarily dismissed the motion as untimely,[6] repetitive,[7] procedurally defaulted,[8] and formerly adjudicated.[9] This appeal followed.
(8) In his second postconviction motion and in his opening brief on appeal, Fletcher argues that there was no probable cause for his arrest, that the vehicle's stop and search were illegal, and that the reversal of Priest's convictions entitled him to a similar reversal. Fletcher also argues that his convictions for PFDCF were invalidated by this Court's 2009 decision in Allen v. State.[10]
(9) The Court can discern no apparent application of the Allen decision to Fletcher's convictions for PFDCF. In Allen, we held that when a charged offense is divided into degrees, a defendant convicted of the offense on the basis of accomplice liability is entitled to an instruction requiring that the jury make an individualized determination of the degree of the defendant's culpability.[11] In Fletcher's case, only the conspiracy charge was a crime divisible into degrees. With respect to the conspiracy charge it appears that the jury was properly instructed on accomplice liability.
(10) The Court has determined that the Superior Court's summary dismissal of Fletcher's second postconviction motion as procedurally barred should be affirmed. The motion is untimely,[12] repetitive[13] and, for the most part, formerly adjudicated.[14] To the extent Fletcher attempts to raise a new claim in the motion, that previously unasserted claim also is procedurally defaulted.[15] Finally, Fletcher has not demonstrated that an exception to any of the procedural bars is warranted.[16]
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] See Del. Super. Cr. Crim. R. 61(i) (listing procedural bars to relief).
[2] Del. Supr. Ct. R. 25(a).
[3] Fletcher v. State, 2005 WL 646841 (Del. Supr.).
[4] Priest v. State, 879 A.2d 575 (Del. 2005).
[5] Fletcher v. State, Del. Supr., No. 102, 2008.
[6] Del. Super. Ct. Crim. R. 61(i)(1).
[7] Del. Super. Ct. Crim. R. 61(i)(2).
[8] Del. Super. Ct. Crim. R. 61(i)(3).
[9] Del. Super. Ct. Crim. R. 61(i)(4).
[10] Allen v. State, 970 A.2d 203 (Del. 2009).
[11] Id.
[12] Del. Super. Ct. Crim. R. 61(i)(1).
[13] Del. Super. Ct. Crim. R. 61(i)(2).
[14] Del. Super. Ct. Crim. R. 61(i)(4).
[15] Del. Super. Ct. Crim. R. 61(i)(3).
[16] Del. Super. Ct. Crim. R. 61(i)(1), (4), (5).