IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ITIUS D. WYNN, | § | |
| | § | No. 452, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID 0010022262 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: September 10, 2014
Decided: September 19, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

# **O R D E R**

This 19th day of September 2014, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Itius Wynn, filed this appeal from the Superior Court's denial of his motion for correction of an illegal sentence.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Wynn's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that Wynn pled guilty in May 2010 to two counts of Assault in the Second Degree, two counts of Possession of a Firearm During the Commission of a Felony, and one count of Reckless Endangering in the First

Degree.  The Superior Court sentenced him to a total period of thirty-one years at Level V incarceration to be suspended after serving twenty-four years for decreasing levels of supervision.  This Court affirmed the Superior Court's judgment on direct appeal.[1]

(3)    Thereafter, Wynn filed several unsuccessful motions seeking different forms of relief.  In May 2014, he filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), arguing that his separate convictions for assault and associated firearm offenses violated double jeopardy principles.  The Superior Court denied his motion on the ground that his claim was not properly raised under Rule 35 and should have been raised in a motion for postconviction relief under Rule 61.  This appeal followed.

(4)    It is well-established that the grounds for a motion seeking correction of an illegal sentence under Superior Court Criminal Rule 35(a) must be limited to alleged errors within the sentence itself, i.e., the sentence exceeds the statutory limits, violates double jeopardy, is ambiguous or inconsistent, or omits a required term.[2]  A motion under Rule 35(a) is not an appropriate means to argue alleged errors in the underlying conviction.[3]  Although Wynn asserted that his *convictions* violated double jeopardy, we think a fair reading of his motion presents a claim

---

[1] *Wynn v. State*, 23 A.3d 145 (Del. 2011).

[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[3] *Id.*

2

that his *sentences* violated double jeopardy and, thus, was properly raised in his Rule 35 motion.

(5)    Even though properly raised, however, Wynn's argument has no merit.  It is well-established law that a defendant may be convicted of a firearm or weapon offense used during the commission of a felony and also be separately convicted and punished for the underlying felony.[4]  Accordingly, we affirm the Superior Court's denial of Wynn's motion for correction of sentence, although we do so for independent and alternative reasons.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[4] *See, e.g., Nance v. State*, 903 A.2d 283, 288 (Del. 2006); *Samuel v. State*, 1997 WL 317362 (Del. Apr. 16, 1997).

[5] *See Guy v. State*, 82 A.2d 710, 712 (Del. 2013).