IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARVIN FLETCHER, | § | |
| | § | |
| Defendant Below, | § | No. 711, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID No. 0307022941A |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted:  January 9, 2015
Decided:    February 24, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

# **O R D E R**

This 24th day of February 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Marvin Fletcher, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence under Superior Court Criminal Rule 35 ("Rule 35").  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Fletcher's opening brief that his appeal is without merit.[1]  We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in March 2004, a Superior Court jury found Fletcher guilty of Trafficking in Cocaine, Possession of Cocaine with Intent to Deliver, Maintaining a Vehicle for Keeping Controlled Substances, three counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), Tampering with Physical Evidence, Carrying a Concealed Deadly Weapon, Conspiracy in the Second Degree, and Possession of Drug Paraphernalia. Fletcher was sentenced to twenty-nine and a half years of Level V incarceration, suspended after fourteen years for decreasing levels of supervision. This Court affirmed the Superior Court's judgment on direct appeal.[2] Fletcher subsequently filed two unsuccessful motions for postconviction relief.[3]

(3) On December 15, 2014, Fletcher filed a Motion for Correction of Sentence under Superior Court Criminal Rule 35(a). Fletcher claimed the three counts of PFDCF should have merged into one count because there was only one occurrence of a firearm. He also claimed that even if each PFDCF conviction related to a felony drug conviction, he was only convicted of two drug felonies, leaving an additional PFDCF conviction. The Superior Court denied the motion as

---

[2] *Fletcher v. State*, 2005 WL 646841 (Del. Mar. 16, 2005).

[3] *Fletcher v. State*, 2009 WL 4604642 (Del. Dec. 7, 2009) (affirming denial of second motion for postconviction relief); *State v. Fletcher*, Cr. ID No. 0307022941A (Del. Super. Ct. Jan. 31, 2008) (order denying first motion for postconviction relief).

untimely and repetitive under Superior Court Criminal Rule 35(b). This appeal followed.

(4) In his opening brief on appeal, Fletcher claims that: (i) the Superior Court erred in treating his motion as a motion for reduction of sentence under Rule 35(b), rather than a motion for correction of illegal sentence under Rule 35(a); and (ii) the Superior Court erred in denying his motion because there was only one occurrence of a firearm and there were only two felony drug convictions underlying the three PFDCF convictions. We review the Superior Court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion, although questions of law are reviewed *de novo*.[4] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[5]

(5) As to Fletcher's first claim, it appears that the Superior Court mistakenly treated Fletcher's motion as a motion for modification of sentence under Rule 35(b), rather than a motion for correction of illegal sentence under Rule

---

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

35(a). We nonetheless affirm the Superior Court's denial of the motion on the independent and alternative ground that it lacked merit under Rule 35(a).[6]

(6) First, to the extent Fletcher attacks the legality of his PFDCF convictions, the limited purpose of Rule 35(a) is to permit correction of an illegal sentence.[7] Rule 35(a) is not a means for a defendant to attack the legality of his convictions.[8] Second, to the extent Fletcher attacks the legality of his PFDCF sentences, separate and distinct felonies can each support a separate PFDCF or Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF") conviction and sentence, even if there is only one weapon.[9] Fletcher's three PFDCF convictions were based on three different drug felonies -- Trafficking in Cocaine, Possession of Cocaine with Intent to Deliver, and Maintaining a Vehicle for Keeping Controlled Substances (not two drug felonies as Fletcher claims) -- and Fletcher's three PFDCF sentences were therefore legal. We

---

[6] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that Delaware Supreme Court may affirm judgment on basis of different rationale than rationale articulated by trial court).

[7] *Brittingham v. State*, 705 A.2d at 578.

[8] *Id.*

[9] *See, e.g.*, *Nance v. State*, 903 A.2d 283, 288 (Del. 2006) (holding four PDWDCF sentences based on two drug felonies and two guns did not violate Double Jeopardy Clause); *Williamson v. State*, 707 A.2d 350, 363 (Del. 1998) (rejecting argument that two PDWDCF convictions exposed defendant to double punishment and should merge because only one knife was used during two felonies); *Robertson v. State*, 630 A.2d 1084, 1092-93 (Del. 1993) (holding defendants could properly be convicted of more than two PDWDCF counts, even though only two guns were used, because multiple felonies were committed with those two guns).

conclude that Fletcher's attacks on his sentence are without merit and the Superior Court did not err in denying his motion for correction of sentence.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice