# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE**, | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Crim. ID No. 1811002611** |
| | ) | |
| | ) | |
| **RONALD DAVIS,** | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: January 16, 2026
Decided: January 28, 2026

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

This 28th day of January, 2026, upon consideration of the written submissions filed, the Commissioner's Report and Recommendation, and the record in this matter, it appears to the Court that:

### *Background*

(1)    Ronald Davis ("Defendant") was arrested on November 5, 2018, and charged with multiple offenses related to the distribution of narcotics.[1]    On December 17, 2018, he was indicted by a Grand Jury and charged with the following offenses: (i) two (2) counts of Drug Dealing, (ii) four (4) counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), (iii) four (4) counts of Possession or Control of a Firearm by a Person Prohibited

---

[1] *State v. Ronald Davis*, Delaware Superior Court Criminal Docket, ID No. 1811002611, Docket Item 1 (hereinafter, "D.I. __").

("PFBPP"), (iv) one (1) count of Possession or Control of Ammunition by a Person Prohibited, (v) one (1) count of Receiving Stolen Firearm, (vi) one (1) count of Illegal Possession of Controlled Substance, and (vii) one (1) count of Possession of Drug Paraphernalia.[2]

(2) On May 5, 2019, Defendant pleaded guilty to (i) one count of Drug Dealing (a Class D Felony), and (ii) one count of PFBPP (a Class C felony).[3] On August 9, 2019, Defendant was declared a habitual offender,[4] and sentenced to the mandatory minimum of 15 years at Level V for PFBPP, as well as 8 years at Level V, suspended for 18 months at Level III for Drug Dealing.[5] Defendant did not file a direct appeal of his conviction or sentence.

(3) On October 11, 2019, Defendant filed a *pro se* Motion for Modification of Sentence,[6] which this Court denied on November 6, 2019.[7] On April 17, 2020, Defendant filed a second *pro se* Motion for Modification of Sentence,[8] which this Court denied on June 25, 2020.[9] On June 5, 2024, Defendant filed a *pro se* Motion for Correction of Illegal Sentence under Superior

---

[2] D.I. 3.
[3] D.I. 7.
[4] D.I. 8.
[5] D.I. 9.
[6] D.I. 11.
[7] D.I. 12.
[8] D.I. 13.
[9] D.I. 14.

Court Criminal Rule ("Rule") 35(a),[10] which this Court denied on September 30, 2024.[11] Defendant filed a notice of appeal on October 29, 2024,[12] and the Delaware Supreme Court affirmed the Superior Court's decision on April 22, 2025.[13]

(4)     On February 19, 2025, Defendant filed a *pro se* Motion for Credit of Time Previously Served,[14] which this Court granted in part on May 27, 2025.[15]

(5)     Defendant filed the present *pro se* Motion for Postconviction Relief—his first—on August 22, 2025.[16] Defendant's motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Rule 62 for proposed findings of fact, conclusions of law, and recommendations for disposition.[17]

(6)     The Commissioner filed her Report and Recommendation on December 22, 2025.[18] The Commissioner recommended that the Court deny Defendant's motion for postconviction relief as procedurally barred under Rule 61.[19]

---

[10] D.I. 15.
[11] D.I. 16.
[12] D.I. 17.
[13] D.I. 29; *Davis v. State*, 340 A.3d 1150 (TABLE), 2025 WL 1178395 (Del. Apr. 22, 2025).
[14] D.I. 27.
[15] D.I. 30.
[16] D.I. 32. (hereinafter "Mot.").
[17] D.I. 35.
[18] D.I. 36 (hereinafter "Report").
[19] *Id.*

(7)     On January 16, 2026, Defendant timely filed his objections to the Commissioner's Report along with a request for counsel.[20]

(8)     The Court accepts the Commissioner's recommendation to deny Defendant relief but denies his postconviction motion on different bases.[21]

### Defendant's Contentions

(9)     Defendant seeks postconviction relief for two reasons: that his sentence violated his constitutional rights under the Fifth and Sixth Amendments, and that his counsel's failure to make Defendant's constitutional arguments constituted ineffective assistance of counsel.[22]

(10)     Defendant's constitutional claims challenge the validity and length of his sentence, not his conviction, so they cannot proceed under Rule 61; rather, criminal defendants must request revision of a sentence through Rule 35.[23]   Hence,

---

[20] D.I. 38, 39.  The filings were timely despite being filed outside the ten-day window required by Rule 62(a)(4)(ii) because Defendant did not receive notice of the Commissioner's report.

[21] *See State v. Colburn*, 2016 WL 3248222, at \*2 (Del. Super. June 1, 2016) (accepting Commissioner's recommendation on a different basis).  *Id.* at 62(a)(5)(iv) ("A judge may accept, reject, or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner.").  *See Shaw v. State*, 2008 WL 1952089, \*1 n.9 (Del. May 6, 2008) (citing *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (appellate court may affirm for different reasons than trial court)); *Stevens v. State*, 110 A.3d 1264, 1270 (Del. Super. Ct. Jan. 20, 2015) (same).

[22] Mot. p. 1.  In the introduction to his motion, Defendant also claimed that his plea was not knowingly or intelligently made, but he failed to address this prospective basis for relief beyond that statement.

[23] *See State v. Colburn*, 2016 WL 3248222, at \*2 (Del. Super. June 1, 2016); *Gilmore v. State*, 135 A.3d 77 (TABLE), 2016 WL 936990, at \*1 (Del. Mar. 10, 2016) ("sentencing claims are not cognizable under Rule 61"); *Wilson v. State*, 900 A.2d 102 (TABLE), 2006 WL 1291369, at \*2 (Del. May 9, 2006) (claim of illegal sentence not cognizable under Rule 61, but must be addressed under Rule 35); *State v. Berry*, 2016 WL 1169131, at \*4 (Del. Super. Mar. 16, 2016)

the Court considers Defendant's constitutional claims under the Rule 35(a) framework for correcting an illegal sentence.

(11)   Rule 35(a) serves a narrow function: it only allows the Court to correct illegal sentences.[24]   It does not permit defendants to "re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence."[25]

### Alleged Illegal Sentence Claims

(12)   First, Defendant argues that his conviction for his charge of Escape After Conviction should not have constituted a predicate offense for purposes of Section 4214, Delaware's habitual offender statute.[26]   Defendant contends that the conviction should not qualify because it is not a *per se* violent felony, and he did not have some chance for rehabilitation following that conviction.[27]   Defendant raised similar arguments regarding this same conviction in his previous motion for correction of an illegal sentence, and the Supreme Court concluded that "[Defendant] has no basis to challenge his habitual-offender eligibility under

---

("[T]he Delaware Supreme Court has repeatedly held that defendants cannot use Rule 61 postconviction proceedings to challenge non-capital sentences.").

[24] *See State v. Weber*, 2023 WL 5605620, at *4 (Del. Super. Aug. 29, 2023); *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[25] *Id.* (quoting *Brittingham*, 705 A.2d at 578).

[26] Mot. p. 3.

[27] *Id.*

Section 4214(c)."[28]  Accordingly, this claim must be denied because the Supreme Court's determination is the law of the case.[29]

(13)  Second, Defendant argues that pursuant to *Erlinger v. United States*, his habitual offender designation resulted in an unconstitutional increase in his overall sentence.[30]  As a Rule 35(a) claim to correct an illegal sentence can be made at any time, Defendant's argument is timely.[31]

(14)  The Court does not need to address Defendant's argument under *Erlinger*.  On his signed Truth-in-Sentencing form, Defendant agreed that he was eligible to be sentenced as a habitual offender, and that the statutory minimum for his PFBPP in connection with the habitual offender statute was 15 years.[32]  Moreover, in his signed Plea Agreement, Defendant agreed, and thus waived any challenge to the fact, that he was a habitual offender and subject to 11 *Del. C.* § 4214(c) due to a list of prior offenses, including his conviction for

---

[28] *Davis*, 2025 WL 1178395, at *1.  In any event, Defendant specifically acknowledged this conviction as the basis for his habitual offender status (and the concomitant increased mandatory minimum) in his Plea Agreement.  D.I. 7.

[29] *See, e.g., Brittingham*, 705 A.2d at 579 (holding that the law of the case doctrine "bars relitigation, under Rule 35(a), of an 'illegal sentence' where that issue has been previously decided by this Court.").  Moreover, Defendant specifically acknowledged in his Plea Agreement that this conviction was the basis for his habitual offender status (and the concomitant increase in the mandatory minimum sentence).  D.I. 7.

[30] Mot. p. 4.  In *Erlinger*, 602 U.S. 821 (2024), the United States Supreme Court held that "a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions before [a] sentence can be enhanced[.]" *Jackson v. State*, 346 A.3d 102 (TABLE), 2025 WL 2399539, at *5 (Del. Aug. 18, 2025).

[31] Super. Ct. Crim. R. 35(a).

[32] D.I. 7.

Escape After Conviction.[33] Having admitted he was subject to habitual offender sentencing and aware of its potential impact, Defendant waived any claims that his habitual status should be determined by a jury. Accordingly, he cannot now claim that his rights were violated by enhanced sentencing under the statute.[34]

(15) In addition to his habitual offender status claims, Defendant argues that his weapons charges violated due process and double jeopardy principles because he was charged under multiple counts for possessing the same weapons.[35] As the Commissioner correctly determined, long-standing Delaware law permits charging a defendant with possession of a firearm during the commission of a felony for each firearm possessed and each felony committed without violating double jeopardy.[36] Defendant's charge was not improper.

(16) Accordingly, Defendant's asserted claims for correction of an illegal sentence are DENIED.

### Alleged Ineffective Assistance of Counsel Claim

(17) Defendant contends that his counsel was ineffective because his counsel did not raise the constitutional arguments that the Court has now rejected.[37] "[C]ounsel's failure to file motions or raise arguments that would not

---

[33] *Id.*
[34] *State v. Grzybowski*, 2025 WL 1411894, at *3 (Del. Super. May 14, 2025).
[35] Mot. p. 3.
[36] Report p. 14. *See Carter v. State*, 911 A.2d 802 (TABLE), 2006 WL 3053268, at *1 (Del. Oct. 27, 2006); *Nance v. State*, 903 A.2d 283, 287 (Del. 2006).
[37] Mot. p. 2.

have been successful does not amount to ineffective assistance."[38]  Hence, Defendant's claim for ineffective assistance of counsel is likewise DENIED.

*Motion for Appointment of Counsel*

(18)  Defendant also requests that this Court appoint counsel on his behalf. Considering the Court's denial of Defendant's motion, the Court finds that there are no grounds to appoint counsel for Defendant.[39]  Thus, Defendant's motion for appointment of counsel is DENIED.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

Original to Prothonotary

Cc: Ronald Davis

---

[38] *State v. Page*, 2011 WL 1213841, at *5 (Del. Super. Mar. 30, 2011); *Pierce v. State*, 966 A.2d 348 (TABLE), 2009 WL 189150, at *2 (Del. Jan. 16, 2009) ("Because a motion for judgment of acquittal would not have succeeded under those circumstances, counsel's failure to make such motion does not constitute ineffective assistance.").

[39] *See, e.g., State v. Brisco*, 2025 WL 1707567, at *1 (Del. Super. June 16, 2025) (denying request for counsel when motion denied).