**Eric JOHNSON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 618, 2009.**

Supreme Court of Delaware.

Submitted: July 21, 2010.

Decided: Sept. 24, 2010.

Bernard J. O'Donnell, Office of Public Defender, Wilmington, Delaware, for appellant.

Timothy J. Donovan, Jr., Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

STEELE, Chief Justice:

Eric Johnson unlawfully entered the home of an acquaintance while in possession of a firearm, in violation of the Second Degree Burglary and Possession of a Firearm During the Commission of a Felony statutes. After trial a jury convicted him on both charges. Johnson contends that his multiple convictions violate the Double Jeopardy Clauses of the United States Constitution and the Delaware Constitution. Johnson also contends that the trial judge abused his discretion by refusing to rejoin a severed offense that his attorney initially claimed to be prejudicial if joined—Possession of a Deadly Weapon By a Person Prohibited. Because the Delaware General Assembly clearly intended to punish Johnson twice for two offenses arising from the same facts, his multiple convictions do not violate the Double Jeopardy Clause. We further conclude that the trial judge acted within his discretion when he denied the rejoinder motion, because that decision prevented the potential prejudice Johnson's counsel initially asserted. Therefore, we must **AFFIRM.**

**Factual and Procedural Background**

On November 7, 2008, Eric Johnson broke into the house of an acquaintance, Danielle Miller. Antoinette Munce was sleeping in the basement bedroom when she heard loud noises upstairs. Munce walked to and saw that the back door to the house had been broken in. Munce returned to the basement and called 911. Shortly after the call, Officer Matthew Derbyshire arrived and saw Johnson running from the rear door area of the house.

During the pursuit, Derbyshire noticed a gun in Johnson's right hand. Before surrendering, Johnson momentarily disappeared behind a house. Derbyshire did not find the gun while making the arrest, but later searched the area where Johnson had disappeared and found a loaded automatic handgun at the bottom of a large bucket filled with rainwater.

The State indicted Johnson for eight offenses, including: (1) Second Degree Burglary; (2) Possession of a Firearm During the Commission of a Felony; and, (3) Possession of a Deadly Weapon By a Person Prohibited.[1] During pre-trial motions, defense counsel moved to sever the PDWBPP charge on the ground that it would introduce evidence about Johnson's criminal record and deprive him of the right to a fair trial. The trial judge granted the motion.

After the State presented its evidence and defense counsel realized that his client would likely be convicted of the weapons offense and the related burglary, he moved to rejoin the PDWBPP charge.[2] The trial judge refused to grant the motion because in his view the rejoinder motion was strategic and was not supported by a sufficient legal basis. The jury returned a guilty verdict on the five remaining counts, and

---

1. Johnson was also charged with Possession of Burglar Tools, Resisting Arrest, Criminal Mischief, Possession of a Firearm with an Altered Serial Number, and Offensive Touching of a Law Enforcement Officer. The prosecutor later dropped the Offensive Touching charge.

2. Johnson's counsel concluded that it would be a better strategy to concede the possession of the weapon, but argue that his client was not the burglar who had entered the house.

the trial judge sentenced Johnson to twenty-three years in prison.

## Standard of Review

■ We review Johnson's Double Jeopardy claims for plain error because he failed to raise those claims in the trial court.[3] Plain error must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial.[4] We review the trial judge's decision denying rejoinder of the PFBPP under an abuse of discretion standard.[5]

## Discussion

### A. The Double Jeopardy Clause

■ The Fifth Amendment of the United States Constitution and Article I, Section VIII of the Delaware Constitution prohibit punishing a defendant twice for the same offense; however, this restriction is not absolute. "[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."[6] If the legislature clearly declares its intent to impose more than one penalty for acts constituting crimes, the guarantee against double jeopardy cannot protect a convicted person from the imposition of multiple punishments.[7] Absent such a clear indication of contrary legislative intent, the Double Jeopardy Clause of the United States Constitution prevents the trial judge from rendering multiple punishments for the same offense.[8] In *Whalen v. U.S.*, the Supreme Court stated that the traditional rule of statutory construction, the *Blockburger* test, was applicable to cumulative sentencing cases.[9] The *Blockburger* rule states that two distinct statutory provisions that condemn the same conduct constitute separate offenses when "each provision requires proof of an additional fact, which the other does not."[10] The Supreme Court reasoned that Congress ordinarily does not intend to punish the same offense under two different statutes.[11]

■ Article I, Section 8 of the Delaware Constitution contains the same language as the Fifth Amendment and operates similarly.[12] Moreover, we conclude that the General Assembly codified the *Blockburger* test in 11 *Del. C* § 206.[13] Title 11,

**3.** *Nance v. State*, 903 A.2d 283, 285 (Del. 2006).

**4.** *Id.*

**5.** *Johnson v. State*, 983 A.2d 904, 922–923 (Del.2009).

**6.** *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

**7.** *Whalen v. U.S.*, 445 U.S. 684, 692, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).

**8.** U.S. CONST. amend. V; *Whalen v. U.S.*, 445 U.S. 684, 692, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).

**9.** 445 U.S. at 724, 100 S.Ct. 1450 (citing *Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).

**10.** *Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

**11.** *Whalen*, 445 U.S. at 692, 100 S.Ct. 1432.

**12.** Del. Const. Art. I. § 8.

**13.** *Poteat v. State*, 840 A.2d 599, 603 (Del. 2003). Generally, multiple punishments should not be imposed for two offenses arising out of the same occurrence unless each offense requires proof of a fact which the other does not. *Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The pertinent question, however, is whether the legislature intended to impose multiple punishments. *Poteat*, 840 A.2d at 605. ("the *Blockburger* test is only an aid to statutory construction. It does not negate clearly expressed legislative intent and where a better indicator of legislative intent is available, it does not apply.") (citation omitted). Because the rule under 11 *Del. C.* § 206 is similar to the *Blockburger* test (See *Jackson v. State*, 840 A.2d 641 (Table), 2004 WL 68803, at *1–2

Section 206(a) of the Delaware Code states, in part that "the defendant may not [ ] be convicted of more than one offense if one offense is included in the other, as defined by subsection (b) of this section." [14] Under 11 *Del. C.* § 206(b), an included offense may be established by "proof of the same or less than all of the facts required to establish the commission of the offense charged." [15]

■ We find no need to resort to the *Blockburger* test in this case. *Blockburger* is only an aid to statutory construction. [16] It does not negate clearly expressed legislative intent and where, as here, a better indicator of legislative intent is available, *Blockburger* does not apply. [17]

■ Here, we look to the language of the weapons statute itself. "Section 1447 specifically states that a defendant convicted of possessing a deadly weapon during the commission of a felony 'shall serve the sentence for the felony itself before beginning the sentence imposed for possession of a deadly weapon during such felony.' " [18] In *LeCompte v. State*, we held, in analyzing § 1447, that the General Assembly's statutory mandate of consecutive sentences could not be clearer: "[w]here, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct . . . a court's task of statutory construction is at an end . . . " [19]

The Second Degree Burglary Statute requires (1) unlawful entry into a dwelling, and (2) possession of explosives or a deadly weapon. [20] The PFDCF Statute requires (1) commission of a felony and (2) possession of a firearm during the commission of that felony." [21] Although both statutes require possession of a firearm, the General Assembly clearly intended to punish persons such as Johnson for Second Degree Burglary and PFDCF. [22] Consequently, Johnson's convictions do not violate the Double Jeopardy Clauses of the U.S. Constitution or the Delaware Constitution.

**B.** *Refusal to Rejoin the PDWBPP Offense*

■ The trial judge acted within his discretion by refusing to grant Johnson's

(Del. Jan. 13, 2004)), we need no separately address Johnson's claim that Section 206 prohibited his conviction of both Second Degree Burglary and PFDCF.

14. 11 *Del. C.* § 206(a).

15. 11 *Del. C.* § 206(b).

16. *LeCompte v. State*, 516 A.2d 898, 901 (Del.1986)(quoting *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)).

17. *Missouri v. Hunter*, 459 U.S. 359, 366–69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *LeCompte*, 516 A.2d at 901–902.

18. *LeCompte*, 516 A.2d at 902 (quoting 11 *Del. C.* § 1447(c))

19. *LeCompte*, 516 A.2d at 902 (quoting *Missouri v. Hunter*, 459 U.S. at 368–69, 103 S.Ct. 673).

20. 11 *Del. C.* § 825(a)(2).

21. 11 *Del. C.* § 1447(a); See *Priest v. State*, 879 A.2d 575 (Del.2005) (interpreting the elements of the PFDCF statute requiring the conviction of either the specific predicate felony or a lesser included felony).

22. *See also* 11 *Del. C.* § 1447(e) which states, "[a] person may be found guilty of [PFDCF] notwithstanding that the felony for which the person is convicted and during which the person possessed the deadly weapon is a lesser included felony of the one originally charged." Even if this Court were to find under the *Blockburger* test that PFDCF was a lesser included offense of Second Degree Burglary, § 1447(e) clearly demonstrates the General Assembly's intent to punish Johnson for both Second Degree Burglary and PFDCF.

motion to rejoin the PDWBPP charge. Pursuant to Delaware Superior Court Rule of Criminal Procedure 14 [23], the trial judge may, in his sound discretion, sever any issue that would prejudice any party.[24] Prejudice exists, and the trial judge acts within his sound discretion to sever joined offenses, where "the jury may use the evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find guilt of the other crime or crimes." [25]

Johnson's counsel moved to sever the PDWBPP charge on the basis that it would cause undue prejudice for the jury to learn of Johnson's previous felony conviction. Based on defense counsel's assertion, the trial judge severed the PDWBPP count. After the State concluded its arguments, Johnson's counsel believed that there was a strong likelihood his client could be convicted of PFDCF and Second Degree Burglary. In an attempt to be able to concede the possession of the weapon, yet also argue that Johnson did not burglarize the dwelling, defense counsel moved to rejoin the PDWBPP charge. Recognizing that the motion was purely strategic and had no independent support in law, the trial judge denied the motion.

By refusing to rejoin the PDWBPP charge, the trial judge acted within his discretion. Rejoining PDWBPP would have raised the same prejudice issue—that the jury may convict him of the other charges based solely on his previous criminal history. Moreover, the trial judge's refusal to grant the motion saved judicial resources, as a rejoinder of the PDWBPP charge would have required both parties to reopen their case-in-chief. The trial judge did not abuse his discretion.

**23.** Super. Ct.Crim. R. 14.

**24.** *Johnson,* 983 A.2d at 923.

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court.