IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| STATE OF DELAWARE | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | I.D. No. 1206001558 |
| | ) | |
| | ) | |
| ONEILL ROSE, | ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum Opinion

Presently before the court is Defendant's motion for post conviction relief ostensibly filed on June 20, 2014. In that motion Defendant did not assert any claims for relief. Instead he stated that "Movant cannot discern substantial grounds for relief. Movant speaks broken (Jamaica origin) English and does not read English well." According to Defendant, his grounds for relief were "to be determined by postconviction counsel." The court appointed Patrick Collins, Esq., who enlisted the aid of his colleague Albert Roop Esq., to represent Mr. Rose in connection with his motion. Appointed counsel conducted a thorough review of the record for which the court is grateful. Post-conviction counsel have now moved to withdraw, and their motion is accompanied by an

extensive written submission in which they identified two potential claims of ineffective assistance of counsel. They concluded, however, that the potential claims "cannot be ethically advocated because constitutional prejudice cannot be established." Defendant later submitted a *pro se* list of contentions which, he claims, entitle him to relief.

## *A. Background*

Defendant was charged with multiple crimes as a result of a non-fatal shooting of one April Harris at the Karribean Delight Restaurant on Route 13 in Wilmington. A jury convicted Defendant of Attempted Assault first degree, Assault first degree, three counts of Reckless Endangering first degree and several firearms violations. This court sentenced him to 39 years at Level 5 but later modified his sentence to 25 years at Level 5. On direct appeal the Delaware Supreme Court reversed the conviction for Attempted Assault first degree and the related weapons charge, but affirmed Defendant's other convictions.

The facts giving rise to Rose's case were well summarized by the Supreme Court in its opinion on his direct appeal:

> Rose was involved in a shooting that took place on June 2, 2012, in a restaurant in New Castle, Delaware. Venus Cherry, who had once been Rose's friend but was not at the time, saw Rose at the restaurant. Rose lifted his shirt to show the gun in his waistband. Later, Cherry saw Rose in a "tussle" with a man named Trini. After Cherry intervened, Rose started walking toward Cherry with his loaded gun pointed at him. Cherry told Rose that if he was going to shoot, he should go ahead and do it.
>
> Ferron Nelson, a man who was nearby, separated Rose and Cherry, and told Rose to put the gun in his car. Rose started to walk away, but then turned and ran after Cherry, who started running toward a car owned by Natalee Chambers. The two men faced off at the back of the car. Rose pointed his gun at Cherry's face. Cherry hit Rose in the arm, and the gun fired. Cherry then punched Rose in the face, and Rose dropped the gun. While Cherry and Rose were running toward Chambers' car, April Harris was putting her daughter into that car. Harris was in the car when she heard a pop and felt a tingling in her arm. She had been shot.[1]

---

[1] *Rose v. State*, 2014 WL 1258271, at *1 (Del.)(paragraph numbers omitted).

*B. Analysis*

The court will first consider Defendant's *pro se* submission and then consider the submission by his court-appointed post-conviction counsel

*1. Rose's pro se submission*

Rose has submitted several sketchy claims to supplement the submission by his appointed post-conviction counsel. All but one of those claims is procedurally barred, and the remaining claim lacks merit.

In his *pro se* Rule 61 submission Rose argues:

> (1) Is the victim April Harry did victim what the State use for is not Harry.
>
> (2) My lawyer was ineffective he did not do anything to help me.
>
> (3) Owner of the Caribbean Delight the State use him has Gairy Brown and his name is Garay Kenneth.
>
> (4) I did not own a gun.
>
> (5) My girlfriend own the gun she told the police I have paperwork to prove it.

(6) I was wearing green and black polo shirt and black dress pants with black dress shoes black belt.

> *a. Most of Rose's pro se claims are procedurally barred.*

The court is obliged to determine if a Rule 61 motion is procedurally barred before it considers the motion's merits. Criminal Rule 61(i)(3) does not allow this court to consider arguments that should have previously been raised. That portion of the rule prohibits consideration of:

> Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows
>
> (A) Cause for relief from the procedural default and
>
> (B) Prejudice from violation of the movant's rights.

Rose's argument 1, 3, 4, 5 and 6 could have been presented at trial and therefore he is precluded from raising them now. His motion does not specify any cause for his failure to raise them nor does it

5

show any prejudice resulting from the failure to raise them. With respect to the lack of prejudice, the court finds:

- The court does not understand Ground 1 listed above. It has read Rose's entire submittal, and the remainder of that submittal sheds no light on what he means in Ground 1.

- With respect to ground 3 (the State had the name of the owner of the Karibbean Delight wrong) the court holds that the owner's name is immaterial to the charges against Rose and therefore any mistake over his name is not prejudicial.

- With respect to Grounds 4 and 5 (Rose did not own the gun) *ownership* of the gun is not material. Rather *possession* of the gun is the material issue. Consequently any failure to raise questions about the ownership of the gun would not be prejudicial.

- Turning to Ground 6 (the clothing Rose was wearing), the court does not understand what significance Rose

6

attaches to this. If he is contending that he was misidentified at trial, he has not made a showing of prejudice because the witnesses who saw the events mostly knew Rose personally and did not identify him by the clothing he was wearing.

In addition to the exceptions imbedded within Rule 61(i)(3), the Rule provides an exception to the procedural bars when a defendant "pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted."[2] Nowhere does Rose point to any such evidence, and therefore this exception does not save his claim. Accordingly Rose's claims 1, 3, 4, 5 and 6 are procedurally barred.

---

[2] Criminal Rule 61(d)(2)(i). This provision, which relates to second or successive petitions, is incorporated in Rule 61(i).

*b. The remaining claim lacks merit because Rose has not pled ineffective assistance of counsel or prejudice with sufficient particularity.*

Rose raises an ineffective assistance of counsel claim in part 2 listed above. Unlike his other claims, his ineffective assistance of counsel claim could not have been raised at trial, and therefore it is not barred by Rule 61(i)(3). The court will therefore reach the merits.

It is settled that in order to make out an ineffective assistance of counsel claim a defendant must show two things: (1) the performance of his or her counsel fell below an objective standard of reasonableness and (2) but for counsel's substandard performance there likely would have been a different result. The reasons why the representation was substandard and the reasons why prejudice emanates from that performance must be pled with particularity. Conclusory allegations to the effect that "my counsel was ineffective" do not suffice. According to the Supreme Court,

> Claims premised upon ineffective assistance of counsel face a familiar burden. Under *Strickland v. Washington,* Brooks must

satisfy [a] two pronged test. First, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." Second, a convicted defendant must demonstrate prejudice. To show prejudice, the defendant must show that the proceeding's outcome would have been different had counsel not committed the challenged errors. When making this showing, the defendant must overcome "a strong presumption that the representation was professionally reasonable." The defendant must also make a concrete showing of actual prejudice.[3]

The operation of these principles is illustrated in the Supreme Court's opinion in *Vickers v. State*,[4] wherein the Court wrote:

> Vickers claims that his defense counsel was ineffective because she did not: (i) pursue a claim of insufficient evidence; (ii) conduct a sufficient investigation of the facts; (iii) interview or cross-examine witnesses; (iv) call available defense witnesses to testify; (v) object to false statements by the prosecutor; and (vi) request a continuance. To succeed on a claim of ineffective assistance of counsel, Vickers must demonstrate that (i) "counsel's representation fell below an objective standard of reasonableness[,]" and (ii) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

---

[3] *Brooks v. State*, 40 A.3d 346, 354 (Del. 2012)(internal footnotes omitted).
[4] 2000 WL 140108 (Del.).

> We agree with the Superior Court that Vickers' allegations of ineffective assistance of counsel are conclusory and warranted summary dismissal of his ineffective assistance of counsel claim. Vickers' conclusory allegations are contradicted and/or denied by his counsel's sworn Rule 61(g)(2) affidavit. Furthermore, Vickers has provided no support for the claim that his counsel's representation fell below an objective standard of reasonableness and that the alleged errors were prejudicial to Vickers' defense.
>
> It is manifest on the face of Vickers' opening brief that the appeal is without merit. The issues raised are clearly controlled by settled Delaware law, and to the extent the issues on appeal implicate the exercise of judicial discretion, there was no abuse of discretion[5]

In the instant case Rose's allegations are even less precise than those found to be inadequate in *Vickers.* Rose simply alleges that "[m]y lawyer was ineffective he did not do anything to help me." This does not even remotely approach the threshold for pleading with particularity substandard performance and prejudice. To the extent that Rose's remaining allegations might be construed as an attempt to support his ineffective assistance of counsel claim, they

---

[5] *Id.* at *2 (internal footnotes and paragraph numbers omitted).

are insufficient because, as discussed in part B(1)(a) above, they do not make out a claim of prejudice.

## 2. Appointed counsels' submission

Appointed post-conviction counsel identified two "potential" ineffective assistance of counsel claims. The first is that trial counsel was ineffective because he did not move to sever the possession of a firearm by a person prohibited charges. The second is that trial counsel did not oppose the State's motion *in limine* to admit evidence of prior altercations between him and Venus Cherry. Appointed post-conviction counsel advised the court that they could not ethically present either of these arguments because they could not in good faith argue that Rose suffered the prejudice necessary to establish an ineffective assistance of counsel claim. The court agrees with appointed post-conviction counsel.

### (a) Trial counsel's failure to move to sever certain charges

Appointed post-conviction counsel postulates that Rose could argue that his trial counsel was ineffective because he ostensibly

failed to move to sever person-prohibited charges against him. The concern with person-prohibited charges is that if the jury becomes aware of a previous felony committed by the defendant (which makes the defendant a "person prohibited"), "the jury may convict him of the other charges based solely on his previous criminal history."[6] Trial counsel did, in fact, address the person-prohibited charges in advance of trial by stipulating that defendant was a person prohibited. The court agrees, therefore, that there is no reason to believe that the outcome would have been different if trial counsel had chosen some other tack. The Delaware Supreme Court recently reached a similar conclusion in *Wheeler v. State*, writing*:*

> Even if stipulating to Wheeler's person prohibited status rather than filing a motion to sever was professionally unreasonable, Wheeler has not shown that there is a reasonable probability that, but for the supposed error, the outcome of the trial would have been different.[7]

Appointed post-conviction counsel also theorized that trial counsel could have opposed the State's motion *in limine* to admit evidence of

---

6  *Johnson v. State,* 5 A.3d 617, 622 (Del. 2010).
7  *Wheeler v. State*, 2015 WL 6150936 (Del).

12

prior altercations between Rose and Venus Cherry. Appointed counsel points out, however, that the lack of opposition very likely did not cause prejudice to Rose because the court would have still admitted the statements over his objection. The evidence in question related to an incident about one year prior to these events in which Rose picked up a brick or bottle and then pulled a knife during an altercation with Cherry stemming from a dispute over a domino game. The second was a fight between Rose and Cherry taking place not long before the crime in this case. Appointed post-conviction counsel correctly notes that, applying *Getz v. State,*[8] evidence of these two incidents would likely have been admitted for the purpose of showing motive, identity and intent.

Wherefore, Rose's claims 1, 3, 4, 5 and 6 are **DISMISSED** because they are procedurally barred. Claim 2 is **DENIED**. Defense Counsel's Motion to Withdraw is **GRANTED**.

---

[8] 538 A.2d 726 (Del. 1988).

January 28, 2016

John A. Parkins, Jr.
Superior Court Judge

oc:  Prothonotary

cc:  Patrick J. Collins, Esquire, Albert J. Roop, V, Esquire, Collins & Roop,
     Wilmington, Delaware
     Periann Doko, Department of Justice, Wilmington, Delaware
     Oneil Rose, SBI 00511629, JTVCC, Smyrna, Delaware

14