IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN JACKSON, | § | |
| | § | No. 8, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2105000955 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: November 12, 2024
Decided: January 16, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     Following a shooting incident on April 26, 2021, a grand jury indicted the appellant, Steven Jackson, for possession of a firearm during the commission of a felony, reckless-endangering, carrying a concealed deadly weapon, and possession of a firearm by a person prohibited.  Jackson resolved the charges by pleading guilty to second-degree reckless endangering and possession of a firearm by a person prohibited (PFBPP).  As to PFBPP, the plea agreement identified the PFBPP offense as a Class C felony, subject to a minimum-mandatory sentence of ten years.  The truth-in-sentencing form indicated that the statutory penalty range was ten to fifteen years and that a ten-year minimum-mandatory sentence would apply.  The Superior

Court sentenced Jackson on May 27, 2022. For reckless endangering, the Superior Court sentenced Jackson to one year of imprisonment, suspended for one year of probation; for PFBPP, the court sentenced him to ten years of imprisonment.

(2) In September 2023, Jackson filed a motion for postconviction relief, asserting two grounds for relief. First, he argued that his counsel was ineffective because he failed to inform Jackson of the ninety-day time limitation for filing a motion for sentence reduction under Superior Court Rule of Criminal Procedure 35(b). Second, citing *Range v. Attorney General*,[1] he argued that the PFBPP statute, 11 *Del. C.* § 1448, is unconstitutional.

(3) The Superior Court denied the motion. The court found that counsel could not be found ineffective for not advising Jackson of the deadline to file a Rule 35(b) motion because Jackson received the minimum-mandatory sentence for PFBPP and a motion to reduce the sentence therefore would have been fruitless. As to Jackson's second argument, the court wrote:

> The Court has reviewed the rest of the motion. It is a creative reference to *Range v. Attorney General*, a case involving the constitutionality of a federal felon in possession statute. That case, if and when it or a similar one reaches the U.S. Supreme Court, may or may not have implications for Defendant's sentence. But a federal circuit court decision on federal statutes does not directly impact the legality or constitutionality of Delaware's PFBPP statute. Should Delaware's statute be struck down as violative of the Second Amendment, and should such a decision be given retroactive

---

[1] 69 F.4th 96 (3d Cir. 2023).

application, Defendant may have an avenue under Rule 61 to come back to Court and seek relief. Until then, the motion[] must be denied.[2]

(4)     Jackson filed this appeal from the Superior Court's order. Jackson later asked this Court to stay the appeal and remand the case to the Superior Court so that the Superior Court could resolve a motion that Jackson filed in that court seeking relief under Rule 35(a). Jackson's Rule 35(a) motion asserted that his criminal history did not subject him to a ten-year minimum-mandatory sentence under Section 1448. More specifically, he argued that he had not been "convicted on 2 or more separate occasions" of a violent felony, as provided in the applicable version of Section 1448(e)(1)(c).[3] The State did not oppose the requested remand, and this Court remanded the matter to the Superior Court, with jurisdiction retained, so that the court could consider Jackson's motion for relief under Rule 35(a).

(5)     On remand, the State conceded that Jackson was not subject to the ten-year minimum mandatory. Although Jackson committed the predicate offenses at different times, the charges were resolved by plea at the same time, and therefore Jackson had not previously been convicted of violent felonies "on 2 or more separate occasions" as provided in Section 1448(e)(1)(c). The parties agreed that Jackson had been convicted of one violent felony within the previous ten years and that he

---

[2] *State v. Jackson*, 2023 WL 8649996, at *1 (Del. Super. Ct. Dec. 13, 2023) (citations omitted).
[3] *See* 11 *Del. C.* § 1448(e)(1)c (effective Dec. 27, 2018, to Oct. 19, 2021) (providing that the minimum sentence for PFBPP is ten years "if the person has been convicted on 2 or more separate occasions of any violent felony").

3

was therefore subject to a five-year minimum-mandatory sentence under Section 1448(e)(1)(b).[4] The Superior Court modified Jackson's PFBPP sentence to ten years of imprisonment, suspended after seven years for eighteen months of probation. Jackson's sentence for second-degree reckless endangering remained the same.

(6) Jackson's first argument on appeal is that the Superior Court erred by sentencing him to serve seven years—two years more than the five-year minimum-mandatory sentence for his PFBPP offense—based on Jackson's firing of the gun. He contends that the sentence violates double-jeopardy principles because he pleaded guilty to second-degree reckless endangering for firing the gun.

(7) Jackson and his counsel argued to the Superior Court that the court should impose only the five-year minimum-mandatory sentence and should not impose a higher sentence because he fired the gun. They did not argue that imposing any additional time would violate double-jeopardy principles. We therefore review this issue for plain error.[5] Plain error occurs when an error is so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the proceeding.[6] We find no plain error here.

---

[4] *See id.* § 1448(e)(1)b (providing that the minimum sentence for PFBPP is five years if the defendant commits PFBPP "within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date"). Jackson also concedes this point in his opening brief. Opening Brief at 9.
[5] *Jones v. State*, 2020 WL 1845887, at *6 (Del. Apr. 13, 2020).
[6] *Id.*; *Williams v. State*, 796 A.2d 1281, 1284 (Del. 2002)).

4

(8)     The constitutional protection against double jeopardy protects a defendant from successive prosecutions for the same crime, multiple charges under separate statutes requiring proof of the same factual events, and multiple charges under the same statute.[7]   Where, as here, the charged offenses derive from two different statutes, a defendant may be convicted of both if each offense "requires proof of an additional fact, which the other does not."[8]  "The inquiry is whether the statutory elements of one offense necessarily satisfy the other, not whether, in a specific case, a single act completed both offenses."[9]

(9)     PFBPP and second-degree reckless endangering each require proof of facts not necessary to complete the other.  PFBPP requires proof that the defendant was legally prohibited from possessing a firearm, which second-degree reckless endangering does not; and second-degree reckless endangering requires proof that the defendant engaged in conduct that created a substantial risk of physical injury to another person, which PFBPP does not.[10]  Therefore, Jackson could be convicted of and punished for both offenses without offending the Double Jeopardy Clause.[11]

---

[7] *Spencer v. State*, 868 A.2d 821, 822-23 (Del. 2005).
[8] *Johnson v. State*, 5 A.3d 617, 620 (Del. 2010) (internal quotation to *Blockburger v. United States*, 284 U.S. 299, 304 (1932), omitted).
[9] *White v. State*, 243 A.3d 381, 399 (Del. 2020).
[10] *Compare* 11 *Del. C.* § 1448(b) (effective Dec. 27, 2018, to Oct. 19, 2021), *with id.* § 603(a)(1) (effective July 2, 1998, to present).
[11] *See White*, 243 A.3d at 399 ("The offenses of Racketeering and . . . Conspiracy First Degree each require proof of facts not *necessary* to complete the other and so can support separate convictions and punishments without offending the Double Jeopardy Clause.").

Jackson's PFBPP offense was a Class C felony, for which the Superior Court could sentence him to up to fifteen years in prison.[12] Second-degree reckless endangering is a Class A misdemeanor, for which the Superior Court could sentence Jackson to up one year in prison.[13] We find no plain error in the Superior Court's imposing seven unsuspended years for PFBPP and no unsuspended time for second-degree reckless endangering.

(10) Next, citing *Erlinger v. United States*[14] and *Alleyne v. United States*,[15] respectively, Jackson argues that he was entitled to have a jury determine whether (i) his predicate offenses were committed on different occasions and (ii) he had a predicate offense that subjected him to the five-year minimum-mandatory sentence under Section 1448(e)(1)b. As to his *Erlinger* argument, Jackson agreed on remand that he had one qualifying predicate offense. The Superior Court sentenced Jackson on that basis, and Jackson concedes on appeal that he has a qualifying predicate offense. Because his sentence was not based on more than one predicate offense, Jackson has not established a reversible error under *Erlinger*.

---

[12] *See* 11 *Del. C.* § 1448(c),(e) (effective Dec. 27, 2018, to Oct. 19, 2021) (providing that PFBPP is a class C felony if the person previously has been convicted of a violent felony); 11 *Del. C.* § 4205(b)(3) (effective June 30, 2003, to present) (providing that the sentence for a class C felony is up to fifteen years at Level V).

[13] *See* 11 *Del. C.* § 603(b) (effective July 2, 1998, to present) (providing that reckless endangering second degree is a class A misdemeanor); *id.* § 4206(a) (effective July 15, 2003, to present) ("The sentence for a class A misdemeanor may include up to 1 year incarceration at Level V . . . .").

[14] 602 U.S. 821 (2024).

[15] 570 U.S. 99 (2013).

(11) *Alleyne* is similarly inapposite to the circumstances of this case. In *Alleyne*, the United States Supreme Court held that a fact that increases the minimum-mandatory sentence for a crime must be decided by the jury, not determined by the judge.[16] A jury found Alleyne guilty of using or carrying a firearm in relation to a crime of violence, under 18 U.S.C. § 924(c)(1)(A). The minimum sentence for that offense was five years, but a minimum-mandatory of seven years applied if the firearm was "brandished."[17] The jury was not asked to determine whether Alleyne brandished the firearm; the judge imposed the seven-year minimum-mandatory sentence after finding by a preponderance of the evidence that Alleyne brandished the gun. The Supreme Court vacated Alleyne's sentence and remanded the case for resentencing consistent with the jury's verdict.

(12) Here, in contrast, Jackson pleaded guilty to PFBPP. He conceded at the hearing on remand—and admits to this Court—that he had a prior conviction that subjected him to sentencing under Section 1448(e)(1)(b). Jackson therefore has not established that the Superior Court engaged in impermissible fact finding under *Alleyne*.

---

[16] *Id.* at 114-15; *see id.* at 103 ("Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."); *see also Apprendi v. New Jersey*, 530 U.S. 466, 468-69, 497 (2000) (holding that a New Jersey law that allowed a judge to find, by a preponderance of the evidence, a fact that increased the sentencing range for the underlying criminal offense to which the defendant pleaded guilty was unconstitutional).

[17] *Alleyne*, 570 U.S. at 103-04.

(13) Third, Jackson argues that his sentence violates Section 1448(e)(4), which provides that "[a]ny sentence imposed for a violation of this subsection shall not be subject to suspension and no person convicted for a violation of this subsection shall be eligible for good time, parole or probation during the period of the sentence imposed."[18] That provision prohibits the Superior Court from suspending any period of the minimum-mandatory sentence,[19] which in Jackson's case was five years. The court was permitted to suspend any portion of Jackson's sentence that exceeded the minimum-mandatory sentence.[20] Accordingly, the Superior Court was legally permitted to sentence Jackson to ten years in prison, to be suspended after he serves seven years.

(14) Finally, Jackson argues that the Superior Court erred because the minimum-mandatory aspect of the sentence is not explicitly stated in the sentence order entered after the remand. We find no reversible error as to this issue. The transcript of the June 26, 2024 proceeding on remand makes clear that five years are a minimum-mandatory sentence and that the two additional, unsuspended years were imposed in the court's discretion.[21] To the extent that it would reduce confusion as to the administration of Jackson's sentence, the Superior Court may correct the

---

[18] 11 *Del. C.* § 1448(e)(4) (effective Dec. 27, 2018, to Oct. 19, 2021).
[19] *Oliver v. State*, 2012 WL 1187742, at *1 (Del. Apr. 5, 2012).
[20] *Id.*
[21] *See State v. Jackson*, I.D. No. 2105000955, Transcript at 15:11-19 (Del. Super. Ct. June 26, 2024) (stating "I am going to impose more than the minimum for the five-year minimum mandatory" and sentencing Jackson for PFBPP to ten years, suspended after seven years).

sentence order to specify that five years of Jackson's PFBPP sentence is a minimum-mandatory sentence.[22]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[22] *Cf. State v. Ortiz*, 2023 WL 3861887, at *4 (Del. Super. Ct. June 6, 2023) ("The Court finds no merit in Ortiz's contention that his trafficking sentences were illegal because the sentencing judge did not specify the minimum-mandatory portions of those sentences. Those minimum-mandatory sentences were required to be imposed, they were discussed at sentencing, and Ortiz has suffered no harm from the sentencing judge's failure to specify them either at sentencing or in the Sentence Order. Nevertheless, the Inmate Status Sheet incorrectly appears to assign minimum-mandatory status to the full amount of Ortiz's sentences for the trafficking charges. For that reason, and to eliminate any further confusion, the Court will issue a modified sentencing order specifying the amount of each trafficking sentence subject to a minimum-mandatory term."), *aff'd*, 2023 WL 6854787 (Del. Oct. 17, 2023).