# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                          )
                          )      **I.D.:** 1612007137
         v.                 )
                          )
**CHAZ COLLAZO**            )
                          )
         Defendant.

**Submitted:** September 19, 2025
**Decided:** September 24, 2025

## ORDER
*On Defendant's Motion for Correction of an Illegal Sentence*

### DENIED

This 24th day of September, 2025, upon consideration of the instant Motion for Correction of an Illegal Sentence, under Superior Court Criminal Rule 35(a)[1] brought by Defendant Chaz Collazo ("Collazo"), it appears to the Court that:

1. On June 21, 2018, Collazo pled guilty to Manslaughter and Possession of a Firearm During the Commission of a Felony ("PFDCF").[2] Under the Plea Agreement, the State and Collazo agreed to a recommendation of "a sentence incorporating 15 years non-suspended Level V."[3] Collazo was subsequently sentenced on September 14, 2018, to twenty-five (25) years at Level V,

---

[1] Docket Item ("D.I.") 31.
[2] *See* D.I. 22, Plea Agreement.
[3] *Id.*

suspended after ten (10) years for decreasing levels of probation as to the Manslaughter count and five (5) years at Level V with no probation for PFDCF.[4] In accordance with the Plea Agreement, the Sentencing Judge ordered Collazo to fifteen (15) years of unsuspended Level V time in total.

2. In the instant Motion, Collazo moves this Court for a review of his sentence under Rule 35(a), which states "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[5] A sentence is illegal and should be afforded relief under Rule 35(a) if it "exceeds the statutorily-authorized limits, violates the Double Jeopardy Clause," "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[6] Rule 35(a) further allows the Court to correct a sentence imposed in an illegal manner within 90 days of the imposition of the sentence.[7]

3. Defendant cites to *Bailey v. State*, 422 A.2d 956 (Del. 1980) and argues his sentence violates the Double Jeopardy clause because he was sentenced to

---

[4] *See* D.I. 24, Sentence Order.
[5] Del. Super. Ct. Crim. R. 35(a).
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (quoting *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992); *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997)).
[7] Del. Super. Ct. Crim. R. 35(a)-(b).

consecutive sentences for the offenses of Manslaughter and Possession of a Firearm during the Commission of a Felony. The Delaware Supreme Court consistently held that the consecutive sentences for the weapons charge and the underlying felony does not violate either the United States or Delaware's Double Jeopardy clause.[8] *Bailey v. State* was enacted before the truth-in-sentencing legislative changes were made in the late 1990s. Those changes permit the imposition of consecutive sentences of this type involved in this case.[9] To the extent *Bailey* stands for the proposition argued by Defendant, *Bailey* is no longer good law.

For the above reasons, Collazo's Motions are **DENIED.**

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:    *Original to the Prothonotary*
       Andrew Vella, Deputy Attorney General
       Chaz Collazo, JTVCC, SBI No. 00598049

---

[8] *LeCompte v. State,* 516 A.23 898, 901-02 (Del. 1986); *Johnson v. State*, 5 A.3d 617 (Del. 2010); *see also State v. Hamilton*, 2016 WL 807729, at *4 (Del. Super. 2016).
[9] *See* 11 *Del.C.* §1447.